# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANDREA FLEITAS,

    Plaintiff,

v.                                     Case No: 6:18-cv-1854-Orl-28LRH

CLAYTON & MCCULLOH, P.A.,

    Defendant.

## ORDER

Andrea Fleitas filed a Second Amended Complaint (Doc. 44) in this Fair Debt Collection Practices Act ("FDCPA") action against Clayton & McCulloh, P.A. ("Clayton"). Clayton now moves to dismiss the claims against it. (Doc. 45). Having considered the motion, the Response (Doc. 48) filed by Fleitas, and governing law, the Court denies Clayton's motion.

### I. Legal Standard

"Generally, federal civil complaints need only state 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1308 (11th Cir. 2002) (quoting Fed. R. Civ. P. 8(a)). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Although a court considering a motion to

dismiss is ordinarily limited to the "four corners" of the complaint, "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." Serpentfoot v. Rome City Comm'n, 322 F. App'x 801, 807 (11th Cir. 2009) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999); Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53–54 (11th Cir. 2006)).

## II. Background & Discussion

It is a violation of the FDCPA to falsely represent "(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692(e)(2)(A) and (B). Fleitas alleges that Clayton violated the statute by attempting to collect fees unauthorized or in excess of amounts authorized by the governing documents of the homeowner's association, as well as fees related to services not yet rendered. Specifically, the Second Amended Complaint alleges precise amounts of unauthorized administrative fees, excessive administrative fee late notices, and unearned attorney's fees, among other charges. After reviewing the governing documents that are public record, as the Court may, other documents accompanying the Second Amended Complaint, and relevant law, the Court concludes that Fleitas has sufficiently alleged a plausible case of false representation under the FDCPA such that the motion to dismiss must be denied.

In its motion, Clayton argues that all debts sought to be collected are allowed under the governing documents and Florida statutes. However, the Court is not able to make that determination without delving into evidence not accessible at the motion-to-dismiss phase. Such a ruling would require the Court to assume the truth of Clayton's assertions of fact regarding the bases for its fees, which is not appropriate at this stage. "The

2

allegations of the claim must be taken as true . . . ." <u>Daniel v. Select Portfolio Servicing, LLC</u>, 159 F. Supp. 3d 1333, 1335 (S.D. Fla. 2016).

IV. **Conclusion**

The Motion to Dismiss (Doc. 45) filed by Defendant Clayton and McCulloh, P.A. is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 18, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties